Bozarth v. Bozarth's Executor.

BOZARTH *et al.*, Plaintiffs in Error, v. BOZARTH'S EXECUTOR *et al.*, Defendants in Error.

1. A will, after a devise to the wife of the testator of eighty acres of land, proceeded as follows : " It is my will that at the death of my wife C. B., or at her marriage, or whenever she may as my widow voluntarily consent to it, that my land be sold, and that together all my other estate, to-wit, any amount arising from the sale of personal property, the proceeds of the sale of all my negroes that may belong to my estate, to-wit, the two men Joe and Isaac, and the children of Winney, if not amicably and equitably divided, shall be sold at the time my daughter Elizabeth shall become of age, or to the age of twenty-one, as before mentioned, and shall be equally divided between my nine heirs now next named," &c. *Held*, upon an application for an order directing the executor to sell lands other than the eighty acres devised to the widow, and distribute the proceeds among the parties entitled, that the land could not be sold, the widow still living, except with her consent.

*Error to Howard Circuit Court.*

*Davis*, for plaintiffs in error.

*Clark*, for defendants in error, cited Bradstreet v. Clark, 12 Wend. 665 ; Petiss v. Petiss, 4 McCord, 151.

RYLAND, Judge, delivered the opinion of the court.

This is a petition by a part of the legatees of Jonathan Bogarth, deceased, against the executor, the widow and a daughter of said Bozarth, for the purpose of requiring the executor to sell the land belonging to the estate of the testator, and divide the proceeds among the parties entitled, under the clause of the will directing this to be done. The defendants appear and answer, and set up for defence that by virtue of the will the land was to be sold at the death of the widow, or upon her second marriage, or when she should consent to the sale thereof ; and that neither of these events had occurred, and therefore the executor was not authorized to sell. There being no dispute about the facts, and the only question being as to the true construction of the will in this particular, the matter was submitted to the court upon the petition and answer. The court decided in favor of the defendants and dismissed the petition. The petitioners bring the matter here by writ of error. The only question therefore is in regard to the construction of the testator's will. The will is set forth in the petition, and the clause mainly in dispute is the sixth, which will be inserted in this opinion. The will is very awkwardly written ; is evidently the work of a person not in the habit of expressing his thoughts and opinions in writing. But by attentively examining and comparing the different clauses, we think the intention of the testator, in regard to his land, may be ascertained.

I will only insert the clauses necessary to a proper decision of the matter in controversy. Second clause : "I give to my wife, during her life or widowhood, eighty acres of land, to include the domicil where we now reside, described as follows: forty acres off the south end of 120 acres I own in section six-

teen, being two-thirds of the south-west quarter of said section, in township fifty, range fifteen; and also the north-east quarter of the north-west quarter of section twenty-one, in same range and township; also, during her natural life or widowhood, a negro woman named Winney and her child, a boy named Ben, about eight years of age. I also request and direct that said Winney's two other children be kept with her, with any others she may have, until such time as my daughter Elizabeth shall arrive at the age of twenty-one years, when they may be divided by general consent of my heirs, which are hereinafter named. I also give to my wife, at my death, all the amount to which she may be legally entitled, either in money or property, at appraisement." Sixth clause: "It is my will that, at the death of my wife Cynthia Bogarth, or at her marriage, or whenever she may, as my widow, voluntarily consent to it, that my land be sold, and that together; all my other estate, to-wit, any amount arising from the sale of personal property, the proceeds of the sale of all the negroes that may belong to my estate, to-wit, the two men Joe and Isaac, and the children of Winney, if not *amicable equitable* divided, shall be sold at the time my daughter Elizabeth shall become of age or to the age of twenty-one, as before mentioned, and shall be equally divided between my nine heirs, now next named, and to some of them their equal portions, in addition to certain specific legacies herein provided for, to-wit: Andrew Bozarth, Betheal Claton, Milton J. Bozarth, Harriet McGrew, Alfred Bozarth, Sindarilla Summers, Pinckney A. Bozarth, Elenora Bozarth and Nancy Elizabeth Bozarth, except to Alfred Bozarth, and he shall have two hundred dollars over and above all the others on a final division of my estate, he having had less than the others previously; and to my children Hiram Bozarth or his heirs, Malvina Hargis or her heirs, and Mary Grace or her heirs, I give to each of them five dollars—that is to say, five dollars to the heirs of each one of the above named three children."

This sixth clause is the only one in which he wills his land to

Bozarth v. Bozarth's Executor.

be sold ; the petitioners allege that the time appointed for such sale is when his daughter Elizabeth arrives at twenty-one years of age. The defendants deny this construction, and say it is at the death of his widow, or her marriage, or when she voluntarily consents thereto. The court below construed the will as contended for by the defendants, and we can not say that this construction is unwarranted. There may have been obvious reasons moving the testator thus to will it. The petition shows that there are 240 acres of land belonging to the estate, besides the eighty acres willed to the widow for her natural life or widowhood. Of these 240 acres, one-quarter section of 160 acres adjoins the widow's forty acres in the sixteenth section on the south, and the widow's forty acres in the twentieth section on the east, and the remaining eighty acres lie north and adjoining the widow's forty acres in the sixteenth section ; so that the widow's forty acres in the sixteenth section separates the 240 by lying in full extent between the eighty acre tract in the sixteenth section, and the 160 acre tract in section twenty-one. Now the testator might not wish his land sold when thus cut up or dismembered, or at least might not wish to place his widow's home between two tracts, liable to be bought by strangers or persons who might feel little or no sympathy for her. He therefore named three events at any one of which his executor could sell his lands ; one was the death of his widow ; another, on her marriage ; the third, at her voluntary consent that the lands should be sold. We can not agree to construe this sixth clause so as to place the time of sale of his lands at the majority of his daughter Elizabeth. His widow has a life estate in the two forty acre tracts ; she has some interest in knowing when the other lands are to be sold, and the testator placed the event at her death or in her power. She was not to be placed in a situation, which might be one of great embarrassment or strife, without her consent; and he believed that his land might be sold to greater advantage by being retained and sold altogether. The judgment of the court below will therefore be affirmed ; Judge Leonard concurring ; Judge Scott not sitting when the case was argued.